**[DO NOT PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT
_____

**No. 05-12924**
**Non-Argument Calendar**
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 4, 2005
THOMAS K. KAHN
CLERK

BIA Nos. A95-902-731 & A95-902-732

NESTOR ABEL SANCHEZ,
OLGA LUCIA OTALORA,
KAROL BIBIANA SANCHEZ,
PAULA LORENA SANCHEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

**Petition for Review of an Order of the**
**Board of Immigration Appeals**
_____

**(November 2, 2005)**

Before CARNES, HULL and PRYOR, Circuit Judges.

**PER CURIAM:**

Nestor Abel Sanchez petitions for review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") decision which denied his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). After review, we deny Sanchez's petition in part and dismiss it in part.

## I. BACKGROUND

On May 14, 1999, Sanchez, a native and citizen of Colombia, entered the United States as a non-immigrant visitor. More than three years later, in June 2002, Sanchez filed an application for asylum, withholding of removal, and CAT relief, alleging persecution on account of an imputed political opinion.[1] On July 31, 2002, Sanchez was issued a Notice to Appear, charging that he had remained in the United States without authorization.

The IJ denied Sanchez's application for asylum, withholding of removal, and CAT relief.[2] An alien may apply for asylum if he "demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date

---

[1]Sanchez is the primary applicant. Sanchez's wife and two children are derivative applicants and, therefore, rely on his asylum application.

[2]Sanchez does not raise any challenge in his brief to the denial of CAT relief. When an appellant fails to offer argument on an issue, that issue is abandoned. See Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). Accordingly, this issue is not discussed further.

of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). Sanchez admitted that his application was not filed within one year. However, immigration officials may still consider an untimely application "if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified . . . ." 8 U.S.C. § 1158(a)(2)(D). The IJ found that Sanchez's asylum application was time barred, and that he had not established exceptional and/or extraordinary circumstances for not filing within one year of his arrival.

As for Sanchez's application for withholding of removal, the IJ noted that it has "some concerns" regarding Sanchez's credibility and that Sanchez's claim was "insufficiently documented." However, the IJ ultimately denied Sanchez's application for withholding of removal on the merits, determining that Sanchez had "not established that if he was now to return to Colombia, it is more likely than not that he would be subject to persecution."

The BIA summarily affirmed the IJ's decision, and Sanchez filed the present petition for review.[3]

## II. DISCUSSION

---

[3]Because Sanchez's removal proceedings commenced after April 1, 1997, the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996) ("IIRIRA"), govern his petition for review.

**A.     Asylum**

With regard to Sanchez's asylum application, the IJ determined that his application was untimely and that Sanchez failed to demonstrate changed or extraordinary circumstances which would excuse his untimely application.  This Court has previously determined that it is without jurisdiction to review the IJ's determinations regarding the timeliness of an alien's asylum application.  See Mendoza v. United States Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (noting 8 U.S.C. § 1158(a)(3) "divests our Court of jurisdiction to review a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing"); Fahim v. United States Att'y Gen., 278 F.3d 1216, 1217 (11th Cir. 2002) ("As to the denial of the request for asylum as being untimely, we hold that federal courts do not have jurisdiction to review the Attorney General's decision as to timeliness of such a request.").

After this Court issued these decisions, Congress enacted the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005).  The REAL ID Act made several changes to how courts are to review petitions for review.  For example, under the REAL ID Act, no section "which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in

4

accordance with this section." 8 U.S.C. § 1252(a)(2)(D); see also Balogun v. United States Att'y Gen., – F.3d –, 2005 WL 2333840, at *2-5 (11th Cir. Sept. 26, 2005) (noting that under the REAL ID Act's amendments courts of appeal now have jurisdiction to review the question of law as to whether "a petitioner's conviction is an aggravated felony within the meaning of 8 U.S.C. § 1182(h)"). However, "[t]he timeliness of an asylum application is not a constitutional claim or question of law covered by the REAL ID Act's changes." Chacon-Botero v. United States Att'y Gen., – F.3d –, slip op. at 4 (11th Cir. Oct. 6, 2005) (reviewing the REAL ID Act and concluding that discretionary or factual determinations, such as the timeliness of an asylum application, continue to fall outside this Court's jurisdiction and that the timeliness issue is not a constitutional claim or question of law under the REAL ID Act); see also Vasile v. Gonzales, 417 F.3d 766, 768 (7th Cir. 2005) (concluding that even after the REAL ID Act courts of appeals do not have jurisdiction to review issues of timeliness concerning asylum applications because "discretionary or factual determinations continue to fall outside the jurisdiction of the court of appeals entertaining a petition for review"). Consequently, even after the REAL ID Act, we still lack jurisdiction to review the IJ's and BIA's denial of Sanchez's asylum claim. See Chacon-Botero, – F.3d at –, slip op. at 4.

Accordingly, we dismiss Sanchez's petition as to his asylum claim for lack of jurisdiction.

**B.    Withholding of Removal**

Although we do not have jurisdiction to review the IJ's denial of Sanchez's asylum application, we do have jurisdiction to entertain his petition for review of the IJ's denial of his application for withholding of removal. Fahim, 278 F.3d at 1218. As for the denial of Sanchez's application for withholding of removal, "[w]e review the IJ's factual determinations under the substantial evidence test." Forgue v. United States Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (citations omitted). Furthermore,

> [u]nder this highly deferential test, we affirm the IJ's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole. Thus, we do not engage in a de novo review of factual findings by the IJ. Similarly, we cannot find, or consider, facts not raised in the administrative forum, nor can we reweigh the evidence from scratch.

Id. (quotation marks, citations, and alterations omitted).

"An alien seeking withholding of removal under the INA must show that his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion." Mendoza v. United States Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). "An alien bears the burden of demonstrating that he more-likely-than-not would be persecuted or

tortured upon his return to the country in question." Id. Furthermore, "[a]n alien cannot demonstrate that he more-likely-than-not would be persecuted on a protected ground if the IJ finds that the alien could avoid a future threat by relocating to another part of his country." Id.[4]

Sanchez testified that he was threatened by The Revolutionary Armed Forces of Colombia ("FARC") when he refused to provide information he acquired at his job, that he and his wife received threatening phone calls from FARC, and that he attended an action board meeting in a south Bogota neighborhood and found his car windows shattered and a threatening note attached to a rock in the car. The IJ questioned Sanchez's credibility as to many of these events and determined that Sanchez had failed to meet his burden of proof and persuasion that he was persecuted while in Columbia. Specifically, the IJ stated that the threatening phone calls did not "mean that [Sanchez] was persecuted in Columbia."

The IJ further concluded that these events failed to establish that it was more likely than not that Sanchez would be persecuted if returned to Colombia. The IJ also noted that Sanchez "had failed to establish that he would be unable to mo[v]e

---

[4]If the alien demonstrates past persecution, there is a rebuttable presumption that he has a well-founded fear of future persecution. See Antipova v. United States Att'y Gen., 392 F.3d 1259, 1264 (11th Cir. 2004); 8 C.F.R. § 208.16(b)(1)(i). If, however, the alien does not establish past persecution, he bears the burden of showing a well-founded fear of future persecution by showing that: (1) he fears persecution based on one of the enumerated grounds; (2) there is a reasonable possibility that he will suffer persecution if he returns to his country; and (3) he could not avoid persecution by reasonably relocating to another part of his country. See Antipova, 392 F.3d at 1264; 8 C.F.R. § 208.16(b)(2), (3)(i).

to another part of Colombia." We readily conclude that substantial evidence supports the IJ's denial of Sanchez's application for withholding of removal.

**DISMISSED IN PART AND DENIED IN PART.**