**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MOHAMMAD SADRUDDIN,

Petitioner,

v.

ALBERTO R. GONZALES, Attorney
General,

Respondent.

No. 05-9530
(No. A78-890-123)
(Petition for Review)

**ORDER**[*]

Before **KELLY**, Circuit Judge, **PORFILIO** and **BRORBY**, Senior Circuit
Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

[*]      This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Mohammad Sadruddin, a native and citizen of Pakistan, seeks review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for asylum.[1]  Because we lack jurisdiction over the only issue raised by Petitioner, we dismiss the petition for review.

I.

Mr. Sadruddin was admitted to the United States on July 3, 2000 as a nonimmigrant visitor, with authorization to remain until January 2, 2001.  He subsequently changed his status to nonimmigrant treaty investor and obtained permission to remain until June 27, 2002.  Mr. Sadruddin, however, stayed in the United States after the visa expired.

In the course of removal proceedings, Mr. Sadruddin conceded that he had overstayed his visa and was subject to removal under § 237(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(B).  He also applied for asylum, with the defensive filing date of September 30, 2003.  He stated that he had recently converted to Christianity and, upon a return to Pakistan, he would be

---

[1]    The record contains two spellings of Petitioner's surname.  This order refers to Petitioner as Mr. Sadruddin, the version used by his attorneys, rather than as Mr. Sadruudin, the one adopted by the attorneys for the Office of Immigration Litigation, United States Department of Justice.

subject to physical harm, harassment, ridicule, and persecution for renouncing the Islamic faith and its practices.

At the asylum hearing, the Immigration Judge (IJ) heard testimony from Mr. Sadruddin about his embracing the Christian faith and about the potential consequences in Pakistan for Christians and especially for apostates (individuals who renounce Islam). Additionally, the assistant pastor of the Revival Fire Ministries International Church stated that Mr. Sadruddin had accepted the tenets of Christianity in February 2003, after a lengthy period of evangelism. To his knowledge, though, Mr. Sadruddin had attended church services and classes only a few times since his conversion. The final witness, Mr. Sadruddin's brother, essentially corroborated the previous testimony.

As further support for his claim, Mr. Sadruddin provided background materials indicating that Pakistan is a predominantly Islamic nation with a strong fundamentalist movement. According to the materials, the government of Pakistan may charge a member of a religious minority for blasphemy and may also fail to protect apostates from extremists who take it upon themselves to enforce religious principles.

The IJ denied the asylum application on two grounds. First, the application was filed later than the required one-year period after entry into the United States, at a time when Mr. Sadruddin had overstayed his visa and had been employed in

violation of his status. The IJ did not find that Mr. Sadruddin had demonstrated either changed circumstances that materially affected his eligibility for asylum or that the delay can be attributed to extraordinary circumstances. Second, the IJ was "unable to find, given the nature and extent and description of respondent's religious activities, that his fears [of persecution] are 'well-founded.'" Admin. R. at 80. Accordingly, the IJ was not convinced that Mr. Sadruddin had brought "a viable asylum claim." *Id.* at 81.

The IJ denied Mr. Sadruddin's application for asylum, along with his requests for restriction withholding of removal and protection under the Convention Against Torture. The BIA affirmed this decision without opinion. When the BIA summarily affirms an IJ's decision without providing its own reasoning, we review the IJ's decision as if it were the BIA's opinion. *Tsevegmid v. Ashcroft*, 336 F.3d 1231, 1235 (10th Cir. 2003).

## II.

In his petition for review, Mr. Sadruddin challenges only the denial of asylum. An alien may apply for asylum if he "demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B). The Attorney General, however, may accept an otherwise untimely application if the alien demonstrates either (1) "the existence of changed

circumstances which materially affect [his] eligibility for asylum," or (2) "extraordinary circumstances relating to the delay in filing an application within the period specified." *See* INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D).

By statute, federal courts do not have "jurisdiction to review any determination" on the timeliness of an application or the existence of changed or extraordinary circumstances relating to a delayed filing. INA § 208(a)(3), 8 U.S.C. § 1158(a)(3). This court has interpreted the provision literally, holding that we lack jurisdiction to review an IJ's determination that an alien "did not file his asylum application within the applicable one-year deadline and did not show any circumstances excusing his tardiness." *Tsevegmid,* 336 F.3d at 1235.

We have not re-visited the holding of *Tsevegmid* since the enactment of the REAL ID Act of 2005, Pub. L. No. 109-13, § 106(a)(1)(A)(iii), 119 Stat. 231, 310. In the REAL ID Act, "Congress codified a new subparagraph, 8 U.S.C. § 1252(a)(2)(D), which expressly grants us jurisdiction to review constitutional claims and legal questions raised in a petition for review of the agency's otherwise unreviewable discretionary decisions, notwithstanding the jurisdictional limitations" in any provision of the INA. *Schroeck v. Gonzales,* 429 F.3d 947, 951 (10th Cir. 2005). The subparagraph applies "'to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on,

or after'" the enactment date of May 11, 2005. *Id.* (quoting Pub. L. No. 109-13, § 106(b), 119 Stat. at 311).

Other circuit courts of appeals have concluded that the changes made by the REAL ID Act do not generally confer jurisdiction to review the denial of an untimely asylum claim. *See Ignatova v. Gonzales*, No. 04-2473, 2005 WL 3454656, at *3 (8th Cir. Dec. 19, 2005); *Ramadan v. Gonzales*, 427 F.3d 1218, 1221-22 (9th Cir. 2005); *Chacon-Botero v. U.S. Atty. Gen.*, 427 F.3d 954, 957 (11th Cir. 2005); *Vasile v. Gonzales*, 417 F.3d 766, 768 (7th Cir. 2005). Analytically, the "the existence of 'changed circumstances' that materially affect eligibility for asylum is a predominately factual determination, which will invariably turn on the facts of a given case." *Ramadan*, 427 F.3d at 1221-22. The issue cannot be "shoehorn[ed] into the question of law category." *Vasile,* 417 F.3d at 768. Unless petitioner somehow mounts a constitutional challenge to the agency's timeliness determination, the matter "continue[s] to fall outside the jurisdiction of the court of appeals entertaining a petition for review." *Id.*

Like our sister circuits, we shall adhere to our prior interpretation of INA § 208(a)(3), 8 U.S.C. § 1158(a)(3). This court generally has no jurisdiction to review a ruling that an alien "did not file his asylum application within the applicable one-year deadline and did not show any circumstances excusing his tardiness." *Tsevegmid*, 336 F.3d at 1235. Under the REAL ID Act, however, a

constitutional claim germane to the untimeliness of an asylum application may overcome the jurisdictional bar.

The general rule is particularly apposite to Mr. Sadruddin's case. On appellate review, he has made no attempt to supply a basis for our jurisdiction. Indeed, his principal brief does not even acknowledge the statutory bar of § 208(a)(3) and our interpretive holding in *Tsevegmid.* Although the Attorney General's responsive brief raised the issue, Mr. Sadruddin declined to file a reply brief.

III.

We are precluded from examining whether Mr. Sadruddin's conversion to Christianity amounted to changed or extraordinary circumstances excusing his failure to file for asylum within one year after entry into the United States. It follows, of course, that we cannot address the merits of his asylum application. Because we lack jurisdiction over Mr. Sadruddin's claim, the petition for review is DISMISSED.

Entered for the Court


John C. Porfilio
Circuit Judge