# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 04-3337

GHEORGHE VASILE,[*]

*Petitioner*,

v.

ALBERTO R. GONZALES,[**]
Attorney General of the United States,

*Respondent.*

_____

Petition for Review of an Order of
the Board of Immigration Appeals.
No. A97-119-546

_____

ARGUED MAY 4, 2005—DECIDED AUGUST 9, 2005

_____


Before RIPPLE, ROVNER, and WOOD, *Circuit Judges.*

WOOD, *Circuit Judge.* Gheorghe Vasile, a native and
citizen of Romania, entered the United States without

---

[*] Petitioner was initially listed in this court as Vasile Gheorghe,
but upon examination of the record, we have reversed the order of
his names to reflect the caption headings used at the Board of
Immigration Appeals.

[**] Pursuant to FED. APP. R. 43(c), we have substituted Alberto R.
Gonzales, the present Attorney General of the United States, for
his predecessor in office.

inspection on or about August 1, 2000. Almost three years later, on July 10, 2003, he filed an application for asylum, claiming that he was persecuted on account of his Roma ethnicity. On August 25, 2003, while his application was pending, the Immigration and Naturalization Service issued Vasile a Notice to Appear (NTA), charging him with removability based on his presence in the United States without being admitted or paroled. See INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(i). During the removal proceedings, Vasile admitted the factual allegations contained in the NTA and conceded removability. Hoping to avoid that ultimate outcome, he requested that the Immigration and Nationality Act (INA) consider his previously filed asylum application. In the alternative, Vasile applied for voluntary departure under INA § 240B(b), 8 U.S.C. § 1229c.

Without addressing the merits of his claim, the IJ determined that Vasile was ineligible for asylum for two reasons: first, he had filed his application more than one year after his date of arrival in the United States; and second, he had not demonstrated "changed circumstances" or "extraordinary circumstances" that might justify an extension of the deadline. See INA § 208(a)(2), 8 U.S.C. § 1158(a)(2). The IJ recognized that Vasile was still eligible to request withholding of removal under INA § 241(b)(3), see 8 C.F.R. § 208.3(b), but the judge denied that relief because Vasile had not demonstrated a clear probability of persecution if he returned to Romania. Although Vasile did not request protection under the Convention Against Torture (CAT), adopted as federal law by section 2242(a) of the Foreign Affairs Reform and Restructuring Act of 1988, 8 U.S.C. § 1231, the IJ nevertheless considered the potential CAT claim and found that Vasile did not qualify for relief. The IJ did, however, grant Vasile's request for voluntary departure and ordered him to depart the United States by June 21, 2004. The Board of Immigration Appeals (BIA) affirmed the IJ's decision in all respects.

Before this court, Vasile has abandoned his request for withholding of removal and relief under the CAT by failing to raise them in his opening brief. See *Lin v. Ashcroft*, 305 F.3d 748, 750 (7th Cir. 2004). His petition for review of the BIA's order challenges only the denial of his asylum claim. He argues that the BIA should have reached the merits of his claim because he was entitled to an extension of time to file his petition under INA § 208(a)(2)(D). He contends that there were extraordinary circumstances, namely that he was suffering from post-traumatic stress disorder and struggling with alcoholism, which prevented him from filing his petition for asylum within the one-year period permitted by law.

We conclude that we cannot review the BIA's denial of his asylum claim, even in light of the changes in the judicial review provisions contained in the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, 310-11 (2005). That statute, as we recently noted in *Ramos v. Gonzales*, No. 03-4050, 2005 WL 1618821, at *1 (7th Cir. July 12, 2005), amended the judicial review provisions of INA § 242(a) to allow review of constitutional claims and questions of law, notwithstanding any other provision of the statute. See REAL ID Act § 106(a)(1)(ii), amending 8 U.S.C. § 1252(a)(2). Notwithstanding § 106(a) of the Act, however, discretionary or factual determinations continue to fall outside the jurisdiction of the court of appeals entertaining a petition for review. See 8 U.S.C. § 1252(a)(2) (B)(ii); *Gattem v. Gonzales*, 412 F.3d 758, 767 (7th Cir. 2005) (finding no jurisdiction under 8 U.S.C. § 1252(a)(2)(C) to reach the IJ's discretionary refusal to continue a removal proceeding pending the adjudication of an application for adjustment of status once it was determined that the petitioner was removable by reason of having committed an aggravated felony). Perhaps Vasile would like to shoehorn his claim into the "question of law" category, but it simply does not fit there. In fact, he takes issue with the BIA's factual determi-

nation that he failed to file his asylum claim within one year and its decision that he failed to qualify for an extension of time.

Thus, just as in *Gattem* (and unlike *Ramos*, where the petitioner was presenting constitutional due process claims), Vasile must still contend with INA § 208(a)(3), 8 U.S.C. § 1158(a)(3), which says that "[n]o court shall have jurisdiction to review any determination of the Attorney General under [§ 208(a)(2)]." See *Zaidi v. Ashcroft*, 377 F.3d 678, 681 (7th Cir. 2004) (holding that the statute's language clearly evinces Congress's intent to preclude judicial review of agency action under § 208(a)(3)); *Nigussie v. Ashcroft*, 383 F.3d 531, 533 (7th Cir. 2004) ("We lack jurisdiction over the BIA's decision to bar, based on untimeliness, [petitioner's] asylum application.").

It is easy enough to see why this jurisdictional bar, even as qualified by the REAL ID Act, prevents us from reviewing the BIA's factual determination about when Vasile filed his asylum claim. Vasile's effort to show that he should have received an extension because of his stress and alcoholism problems is similarly beyond our reach. INA § 208(a)(2)(D) states that "[a]n application for asylum of an alien may be considered . . . if the alien demonstrates *to the satisfaction* of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the [one-year] period." *Id.* (emphasis added). Permissive language that refers to demonstrating something to the agency's "satisfaction" is inherently discretionary. At least one court has formally characterized it as such. See *Castellano-Chacon v. INS*, 341 F.3d 533, 543-44 (6th Cir. 2003). We agree with the Sixth Circuit that the decision to extend the deadline for filing an asylum application is a discretionary one. Vasile's claim therefore does not fall within § 1252(a)(2) as amended by the REAL ID Act.

Because we do not have jurisdiction to review the BIA's timeliness determination, see 8 U.S.C. § 1158(a)(3), we are unable to reach the merits of Vasile's asylum claim.

   Accordingly, the petition for review is DISMISSED for want of jurisdiction.

A true Copy:

       Teste:


                              _____
                              *Clerk of the United States Court of*
                              *Appeals for the Seventh Circuit*