**Abbas Amir SARDARI, Petitioner—Appellant,**

v.

**Michael CHERTOFF,* Secretary, Department of Homeland Security; et al., Respondents—Appellees.**

No. 05–15108.

D.C. No. CV–04–01189–PJH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2005.

Decided Jan. 11, 2006.

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner—Appellant.

Edward A. Olsen, Esq., Office of the U.S. Attorney, San Francisco, CA, for Respondents—Appellees.

---

* Michael Chertoff is substituted for his predecessor, Tom Ridge, as Secretary of Homeland Security. Fed. R.App. P. 43(c)(2).

Before B. FLETCHER, HAWKINS, and BEA, Circuit Judges.

## MEMORANDUM **

Abbas Amir Sardari appeals the district court's denial of his petition for habeas corpus. While his appeal was pending, Congress enacted the REAL ID Act of 2005, which eliminated habeas jurisdiction. 8 U.S.C. § 1252(a)(5). We have interpreted the REAL ID Act to require this court to treat pending appeals of habeas petition denials as timely-filed petitions for review, *Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052–53 (9th Cir.2005), and we treat Sardari's appeal as such.

Sardari seeks review of the Board of Immigration Appeals' (BIA's) decision that he is barred from applying for asylum because he did not file his application within one year of his arrival in this country, and that there are no changed or extraordinary circumstances to excuse the late filing. 8 U.S.C. § 1158(a)(2)(B) & (D). This court, however, is precluded from reviewing any determination about the one-year asylum bar by 8 U.S.C. § 1158(a)(3). *See Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001).

Although the REAL ID Act did expand our jurisdiction to consider "constitutional claims or questions of law," Sardari's petition raises no such claim. To be sure, religious conversion can qualify as a changed circumstance to excuse a one-year-filing-deadline delay. However, the IJ considered that issue in this case, determining that, based on the facts, the exception did not apply because of Sardari's prior participation in Christian religious activities. Thus, this appeal ultimately "challenges the [BIA's] conclusion that the facts of [his] case do not demonstrate, to the satisfaction of the Attorney General, 'changed circumstances' so as to excuse the late filing." *Ramadan v. Gonzales*, 427 F.3d 1218, 1222 (9th Cir.2005). Our lack of jurisdiction over that determination does not change in the wake of the REAL ID Act, and thus we dismiss Sardari's appeal for lack of jurisdiction. *Id.; see also Chacon–Botero v. U.S. Attorney Gen.*, 427 F.3d 954, 957 (11th Cir.2005); *Vasile v. Gonzales*, 417 F.3d 766, 768–69 (7th Cir. 2005).

DISMISSED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.