**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-2395**

———————

OTILIA ZIMUNYA,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals. (A95-230-666)

———————

Argued:  December 1, 2005          Decided:  January 13, 2006

———————

Before WIDENER, WILKINSON, and TRAXLER, Circuit Judges.

———————

Petition denied in part and dismissed in part by unpublished per
curiam opinion.

———————

**ARGUED:** Bokwe Godwill Mofor, Silver Spring, Maryland, for
Petitioner.  Bryan Stuart Beier, UNITED STATES DEPARTMENT OF
JUSTICE, Office of Immigration Litigation, Washington, D.C., for
Respondent.  **ON BRIEF:** Peter D. Keisler, Assistant Attorney
General, Civil Division, Michelle Gorden, Senior Litigation
Counsel, Office of Immigration Litigation, Annette M. Wietecha, Tax
Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.,
for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Otilia Zimunya petitions for review of an order of the Board of Immigration Appeals denying her motion to reconsider and reopen the denial of asylum and to reinstate voluntary departure. For the reasons that follow, we dismiss her petition in part and deny it in part.

I.

Zimunya, a native and citizen of Zimbabwe, entered the United States on a nonimmigrant B-2 visa as a visitor for pleasure. She was placed in removal proceedings, however, after remaining in the United States longer than her approved period of stay. Zimunya conceded removability, and applied for asylum, withholding of removal, and relief under the Convention against Torture (CAT). Her application for relief was premised on her purported involvement with Zimbabwe's opposition party Movement for Democratic Change (MDC). On November 26, 2002, the immigration judge denied all of Zimunya's claims for relief, concluding that Zimunya failed to establish past persecution or a well-founded fear of future persecution if she were to return to Zimbabwe. In lieu of removal, however, the immigration judge granted Zimunya's request for voluntary departure, allowing her 60 days to depart the United States. See 8 U.S.C.A. § 1229c(b)(2) (West 1999) (permitting a discretionary grant of permission to depart

2

voluntarily for a period of up to 60 days following removal proceedings).

On April 28, 2004, the BIA affirmed the decision of the immigration judge without opinion. The BIA did not reinstate the period of voluntary departure. See In re A-M—, 23 I. & N. Dec. 737, 743-44 (BIA 2005) (indicating that "the timely filing of an appeal with the [BIA] . . . tolls the running of the time authorized by the Immigration Judge for voluntary departure," which allows the BIA to reinstate this period after it issues a decision denying relief). Zimunya did not seek direct judicial review of this decision.

Instead, on July 24, 2004, nearly three months after the BIA's decision, Zimunya filed a motion for the BIA to reconsider its order of April 28, 2004. Zimunya also moved to reopen proceedings on the grounds that circumstances had changed following the initial hearing in that "the government of [Zimunya's] country has stepped up its persecution of members of her political party." J.A. 6. Finally, Zimunya requested that the BIA "reinstate voluntary departure that expired during the course of [Zimunya's] administrative appeal." J.A. 6.

The BIA denied this motion. To the extent that Zimunya was seeking reconsideration of its previous order, the BIA denied relief because Zimunya's motion was untimely. See 8 C.F.R. § 1003.2(b)(2) (2005) (requiring a motion to reconsider to "be

3

filed with the Board within 30 days after the mailing of the Board decision"). The BIA likewise denied Zimunya's motion to reopen, concluding that the additional evidence presented by Zimunya did not warrant reopening the case. Additionally, the BIA denied the request for reinstatement of voluntary departure, although it did not elaborate on its reasoning.

Zimunya seeks judicial review of the BIA's denial of the motion to reopen or reconsider, arguing that the BIA abused its discretion in denying her motion. Zimunya also seeks review of the BIA's denial of her request for reinstatement of voluntary departure, contending that the BIA abused its discretion in so doing.

II.

The primary focus of Zimunya's petition for review is her claim that her "request for asylum or withholding should have been granted" in the first instance. Brief of Petitioner at 28. We lack jurisdiction to review the merits of the BIA's April 28, 2004, decision to deny asylum, withholding of removal, and relief under the CAT. Zimunya failed to petition for review of that decision within thirty days, as required by statute. See 8 U.S.C.A. § 1252(b)(1) (West 1999). This time period is "jurisdictional in nature and must be construed with strict fidelity to [its] terms." Stone v. INS, 514 U.S. 386, 405 (1995). A motion to reopen is not

4

to be used as a substitute for an untimely appeal, and that is precisely what Zimunya is attempting to do here. Thus, to the extent that Zimunya challenges the merits of the denial of her application for relief from removal, we dismiss the petition.

To the extent that Zimunya challenges the Board's denial of her motion to reopen, we review for abuse of discretion. See INS v. Doherty, 502 U.S. 314, 323-24 (1992); Stewart v. INS, 181 F.3d 587, 595 (4th Cir. 1999). A denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen "are disfavored . . . [because] every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Stewart, 181 F.3d at 595 (internal quotation marks omitted); see M.A. v. INS, 899 F.2d 304, 308 (4th Cir. 1990) (en banc). Thus, we will reverse the BIA's decision for abuse of discretion only if is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002) (internal quotation marks omitted). The BIA may not grant a motion to reopen "unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). We have reviewed the record and cannot conclude that the BIA's determination that Zimunya's additional evidence fails to establish a well-founded fear of persecution is arbitrary,

irrational or impermissible. Accordingly, we find that the BIA did not abuse its discretion in denying Zimunya's motion to reopen.

We likewise deny Zimunya's petition for review of the BIA's denial of her motion to reconsider. As with a motion to reopen, we review the BIA's decision regarding a motion to reconsider for abuse of discretion. See Zhong Guang Sun v. United States Dep't of Justice, 421 F.3d 105, 107 (2d Cir. 2005). The BIA denied relief because Zimunya's motion was untimely. See 8 C.F.R. § 1003.2(b)(2). This decision was not irrational or contrary to law, and Zimunya makes no attempt to contradict the BIA's conclusion or explain how we could possibly conclude the BIA abused in discretion.

Finally, we are without jurisdiction to review Zimunya's challenge to the BIA's refusal to reinstate voluntary departure. Voluntary departure is a discretionary form of relief from removal. If certain statutory prerequisites are fulfilled, "[t]he Attorney General may permit an alien voluntarily to depart the United States," 8 U.S.C.A. § 1229c(b)(1) (emphasis added), and thereby avoid various adverse consequences that attach to removal. Even if the alien establishes statutory eligibility for voluntary removal, the immigration judge will grant relief only upon a finding that the alien merits "a favorable exercise of discretion." In Re Thomas, 21 I. & N. Dec. 20, 22 (BIA 1995).

We are precluded by statute from reviewing BIA decisions to grant or deny certain types of discretionary relief: "Notwithstanding any other provision of law, no court shall have jurisdiction to review--(I) any judgment regarding the granting of relief under section 1182(h), 1182(I), 1229b, 1229c, or 1255 of this title. . . ."  8 U.S.C.A. § 1252(a)(2)(B)(I) (emphasis added). The BIA's decision to deny voluntary departure under section 1229c is specifically enumerated as one of the agency decisions not subject to judicial review.  See Ngarurih v. Ashcroft, 371 F.3d 182, 193 (4th Cir. 2004).

In May 2005, Congress enacted the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (2005), which clarified the scope of judicial review under section 1252(a)(2)(B):  "Nothing in subparagraph (B) . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."  8 U.S.C.A. § 1252(a)(2)(D).  Thus, direct judicial review is available for constitutional or legal questions arising from the denial of the forms of discretionary relief enumerated in section 1252(a)(2)(B)(I).  See Rodriguez-Castro v. Gonzales, 427 F.3d 316, 319 (5th Cir. 2005).  However, BIA decisions denying relief as a matter of discretion are still not subject to review.  See Vasile v. Gonzales, 417 F.3d 766, 769 (7th Cir. 2005).

Zimunya unquestionably seeks review of the BIA's discretionary denial of her request to reinstate voluntary departure. She argues that the BIA "abused its discretion by failing to consider all positive factors in [her] case, and mischaracterized negative factors." Supplemental Brief of Petitioner at 3. Zimunya raises no constitutional claims or claims involving the application or interpretation of the Immigration and Nationality Act or the agency's regulations. Accordingly, we are without jurisdiction to review the BIA's denial of Zimunya's request for reinstatement of voluntary departure.

PETITION DENIED IN PART
AND DISMISSED IN PART
