**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 14, 2005
Decided April 13, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-1329

| | |
|---|---|
| HADI HALIDOU, <br> *Petitioner*, | On Petition for Review of an Order of the <br> Board of Immigration Appeals |
| *v.* | No. A77 643 607 |
| ALBERTO R. GONZALES, <br> *Respondent*. | |

**O R D E R**

Hadi Halidou, a citizen and native of the Republic of Niger, petitions for review of a Board of Immigration Appeals ("BIA") order affirming the Immigration Judge's ("IJ") denial of his petition for asylum, withholding of removal, and relief under the Convention Against Torture. The IJ denied Halidou's application for asylum as untimely, and found that he failed to establish eligibility for withholding of removal or protection under the Convention Against Torture, but granted him voluntary departure. The BIA summarily affirmed, and Halidou timely petitioned for review of the BIA's decision. Because Halidou has not properly presented any arguments for review, we deny the petition for review.

Halidou entered the United States in 1997 as a nonimmigrant visitor authorized to remain for one year, but was served with a Notice to Appear ("NTA")

when he did not depart as required. Halidou admitted the factual allegations contained in the NTA and conceded removability. In January 2002 Halidou applied for asylum, claiming that he was persecuted on account of his membership in a social group, as he belongs to the Hausa tribe. He also applied for withholding of removal, relief under the Convention Against Torture ("CAT") and voluntary departure.

At his hearing, Halidou testified that his brother unintentionally precipitated ethnic fighting with a rival tribe called the Fulani (also known as Pele). According to Halidou, the Fulani and the Hausa historically do not get along. An incident between the tribes broke out in 1997 after a member of the Fulani tribe brought his bull to graze on a field that Halidou's family owned. Halidou's brother told the bull's owner to leave, and a fight ensued. Weeks later, the bull's owner died of complications from the fight and his family said they would seek revenge. The family later came to Halidou's house with about fifty people and beat him and his family "with wood, knives."

Although members of the Hausa tribe protected Halidou, they also urged him to leave his village to avoid an ethnic war. Halidou testified that he took his brother and sister to Niamey, the capital of Niger. After the Fulani beat his mother and father again, Halidou brought them to Niamey as well. The family remained in Niamey for a few months without incident, but felt unsafe, so Halidou obtained a visa for Ghana and moved his family there.

Asked whether he went to the police after the Fulani attacked his family, Halidou responded that he did not because "in Niger, you know, there's no real law, and help is for the one who has some money." He testified that he fears returning to Niger because he believes that the Fulani will never forget what his brother did and will kill him and his family to avenge the death of the bull's owner.

The IJ found Halidou credible, but determined that he was ineligible for asylum because he filed his application more than one year after his date of arrival in the United States, *see* INA § 208(a)(2)(B), 8 U.S.C § 1158 (a)(2)(B), and had not demonstrated "changed circumstances" or "extraordinary circumstances" that might justify an extension of the deadline, *see* INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D). Despite finding that Halidou's application for asylum was statutorily time-barred, the IJ nevertheless considered and rejected the merits of his asylum claim. The IJ determined that Halidou had not established past persecution or a well-founded fear of future persecution because the tribal conflicts involved no government action or failure to act; the Fulani beat Halidou to avenge the death of the bull's owner, not "on account of" his Hausa membership; and Halidou could safely relocate within Niger. The IJ denied Halidou's request for withholding of removal because he failed to satisfy the more lenient burden required for asylum, and denied Halidou's CAT

claim because there was insufficient evidence that he would be tortured by government officials if forced to return to Niger. The BIA affirmed the IJ's decision in all respects.

Halidou's principal argument on appeal is that the IJ erred in concluding that he has not suffered past persecution, and that he has no well-founded fear of future persecution. But Halidou fails to challenge the IJ's finding that his application for asylum was untimely, and that failure dooms his arguments based on asylum. Section 208(a)(3) of the Immigration and Nationality Act strips federal courts of jurisdiction to review the timeliness of asylum applications, and this court will not reach the merits of an application for asylum that was untimely filed. *See Vasile v. Gonzales*, 417 F.3d 766, 769 (7th Cir. 2005); *Nigussie v. Ashcroft,* 383 F.3d 531, 533 (7th Cir. 2004); *Zaidi v. Ashcroft*, 377 F.3d 678, 681 (7th Cir. 2004).[1] Because the IJ found that Halidou failed to file his application within the one-year period, Halidou's arguments that the IJ erred in analyzing his claim for asylum are beyond review. *See Zaidi*, 377 F.3d at 681; *accord Haoud v. Ashcroft*, 350 F.3d 201, 205 (1st Cir. 2003); *Castellano-Chacon v. INS*, 341 F.3d 533, 544 (6th Cir. 2003); *Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir. 2003).

Although the merits of Halidou's asylum claim are not subject to review, section 208(a)(3) does not bar review of his applications for withholding of removal or relief under the CAT. *See Nigussie*, 383 F.3d at 534. The government maintains that Halidou failed to exhaust his administrative remedies for these claims, and that we consequently lack jurisdiction to consider his withholding of removal and CAT claims. *See Toptchev v. INS*, 295 F.3d 714, 721 (7th Cir. 2002) (holding that failure to present issues to the Board for review creates jurisdictional bar); *see also* 8 C.F.R. §§ 1003.1(d)(2)(i)(A), .3(b) (allowing Board to summarily dismiss matter when appellant fails to explain specific facts and law on which appeal is based). It is true that Halidou's appeal to the BIA failed to identify any legal or factual errors in the IJ's analysis of his claims for withholding of removal or CAT relief. Nonetheless, the BIA's decision to affirm the IJ's ruling, and not to summarily dismiss Halidou's appeal, means that Halidou's failure to specifically identify errors to the BIA may not preclude our review. *See Pasha v. Gonzales*, 433 F.3d 530, 532-34 (7th Cir. 2005) (finding jurisdiction despite lack of specificity in asylum applicant's appeal to BIA because BIA's summary affirmance may have been on merits rather than for applicant's nonspecific appeal). Nevertheless, Halidou was

---

[1] Because the finding that Halidou failed to file his application within the one-year period is a factual determination, it remains unaltered by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, which amended the judicial review provisions to permit review only of constitutional claims and questions of law. *See Vasile*, 417 F.3d at 768.

required to develop his arguments in his brief to this court, and he has not done so. *See Weinstein v. Schwartz*, 422 F.3d 476, 477 n.1 (7th Cir. 2005) (noting that failure to develop arguments on appeal constitutes waiver); *accord Makhoul v. Ashcroft*, 387 F.3d 75, 82 (1st Cir. 2004) (enunciating the same principle in immigration context). His brief focuses only on asylum and does not contest the denial of his withholding or CAT claims. The arguments are undeveloped and therefore waived. *See Weinstein,* 422 F.3d at 477.

Even if Halidou's arguments were properly presented and could be construed to apply to his claims for withholding of removal or relief under the CAT, substantial evidence supports the IJ's decision. *See Oforji v. Ashcroft,* 354 F.3d 609, 615 (7th Cir. 2003) (holding that substantial evidence standard applies to claims for withholding of removal and under CAT). Halidou's admission that he did not seek help from the police or the government provides substantial support for the IJ's conclusion that Halidou did not show government action or unwillingness to help him. *Cf. Guchshenkov v. Ashcroft,* 366 F.3d 554, 558 (7th Cir. 2004) (where petitioner and his father repeatedly pursued complaints of beatings with police but police did nothing, decision denying asylum was unreasonable). And as for Halidou's attempt to redefine of his social group as his family to avoid the IJ's ruling that he was not attacked "on account of" his membership in the Hausa tribe, he never raised the argument until this appeal and has therefore waived it. *See Tapia v. Ashcroft,* 351 F.3d 795, 797 n.3 (7th Cir. 2003); *Wedderburn v. INS,* 215 F.3d 795, 799 (7th Cir. 2000).

Accordingly, we DENY the petition for review.