**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-2037**

RAMATU TURAY, Mother; AHMED ALVIN TURAY, Son,

Petitioners,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

**No. 06-1168**

RAMATU TURAY, Mother; AHMED ALVIN TURAY, Son,

Petitioners,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petitions for Review of Orders of the Board of Immigration Appeals. (A79-497-511; A79-497-517)

Submitted: May 31, 2006          Decided: June 30, 2006

Before MICHAEL, MOTZ, and DUNCAN, Circuit Judges.

No. 05-2037, petition dismissed in part; denied in part; No. 06-1168, petition denied by unpublished per curiam opinion.

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioners. Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Daniel E. Goldman, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated petitions for review, Ramatu Turay and her minor son, Ahmed Alvin Turay, natives and citizens of Sierra Leone, petition for review from the orders of the Board of Immigration Appeals ("Board") affirming the immigration judge's denial of asylum, withholding of removal, and protection under the Convention Against Torture as to the Petitioners and the denial of voluntary departure as to Ramatu Turay (No. 05-2037); and denying their motion to reopen (No. 06-1168). We dismiss in part and deny in part the petition for review in No. 05-2037. We deny the petition for review in No. 06-1168.

Petitioners seek to challenge the Board's factual finding that they failed to file their asylum application within one year of the date of their arrival in the United States. See 8 U.S.C. § 1158(a)(2)(B) (2000). We conclude we lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2000). See Zaidi v. Ashcroft, 377 F.3d 678, 680-81 (7th Cir. 2004) (collecting cases); see also Vasile v. Gonzales, 417 F.3d 766, 768 (7th Cir. 2005) (holding that even in light of the REAL ID Act of 2005, these "factual determinations continue to fall outside the jurisdiction of the court of appeals entertaining a petition for review"). Given this jurisdictional bar, we cannot review the Board's denial of Petitioners' asylum claim.

While we lack jurisdiction to consider the Board's ruling on the asylum claim, we retain jurisdiction to consider the denial of withholding of removal and protection under the Convention Against Torture. See 8 C.F.R. § 1208.4(a) (2006). "To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)).

Petitioners challenge the Board's determinations that Ramatu Turay's testimony was not credible and that she filed a frivolous asylum application. Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2000). We accord broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). We will uphold the final agency determination if it is not "manifestly contrary to law." Id.

Based on our review of the record, we find that substantial evidence supports the Board's determination that Petitioners failed to present a credible claim for withholding of removal. Accordingly, the Board correctly concluded Petitioners could not establish their entitlement to withholding of removal. We further conclude that Turay had sufficient prior notice of the

consequences of filing a frivolous asylum application and opportunity to account for any discrepancies or implausible aspects of her claim, and the Board properly determined Turay knowingly filed a frivolous asylum application. See 8 U.S.C. § 1158(d)(6) (2000); 8 C.F.R. § 1208.20 (2006).

We also find that substantial evidence supports the immigration judge's finding, affirmed by the Board, that Petitioners failed to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must show that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2006). Petitioners failed to make the requisite showing before the immigration judge.

Petitioners also challenge the Board's denial of their motion to reopen. This court reviews the Board's denial of reopening with extreme deference and only for an abuse of discretion. Stewart v. INS, 181 F.3d 587, 595 (4th Cir. 1999). Such motions are especially disfavored in a removal proceeding, where "every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." INS v. Doherty, 502 U.S. 314, 323 (1992). We have reviewed the administrative record and find the Board did not abuse its discretion.

Accordingly, we dismiss in part and deny in part the petition for review in No. 05-2037. We deny the petition for

review in No. 06-1168.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 05-2037 <u>PETITION DISMISSED IN PART;</u><br>
<u>DENIED IN PART</u><br>
No. 06-1168 <u>PETITION DENIED</u>