**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-1553**

MOHAMED LAMINE DIAWARA,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General;
DEPARTMENT OF HOMELAND SECURITY,

Respondents.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 05-5352)

Submitted: August 4, 2006          Decided: September 20, 2006

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Theresa I. Obot, LAW OFFICE OF THERESA I. OBOT, Baltimore, Maryland, for Petitioner.  Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Larry P. Cote, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondents.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Mohamed Lamine Diawara, a native and citizen of Guinea, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming without opinion the decision of the immigration judge ("IJ") denying asylum, withholding of deportation, and relief under the Convention Against Torture. We previously dismissed the petition for lack of jurisdiction. See Diawara v. Gonzales, 126 F. App'x 132 (4th Cir. 2005) (unpublished). On May 11, 2005, Congress enacted the REAL ID Act, adding a new subsection to the judicial review provisions. The Supreme Court subsequently granted Diawara's petition for certiorari, vacated this court's judgment, and remanded for further consideration in light of 8 U.S.C. § 1252(a)(2)(D). Having reconsidered Diawara's petition for review in light of 8 U.S.C.A. § 1252(a)(2)(D) (West 2005), we dismiss the petition.

Diawara challenges the IJ's findings that his asylum application was untimely and that he failed to establish extraordinary circumstances for an exception under 8 U.S.C. § 1158(a)(2) (2000). He contends his former counsel's ineffective assistance constituted extraordinary circumstances to excuse his untimely filing and a violation of his due process rights. We previously concluded we lacked jurisdiction to consider Diawara's challenges to the denial of his asylum application pursuant to 8 U.S.C. § 1158(a)(3) (2000). Even after the REAL ID Act,

"discretionary or factual determinations continue to fall outside the jurisdiction of the court of appeals." Vasile v. Gonzales, 417 F.3d 766, 768 (7th Cir. 2005). The timeliness of an alien's asylum application is usually a question of fact. See Mehilli v. Gonzales, 433 F.3d 86, 93 (1st Cir. 2005). However, pursuant to the REAL ID Act, we have a narrowly circumscribed jurisdiction to resolve constitutional claims or questions of law raised by aliens seeking discretionary relief. Higuit v. Gonzales, 433 F.3d 417, 419 (4th Cir.), cert. denied, 126 S. Ct. 2973 (2006).

We conclude that even in light of § 1252(a)(2)(D), we are precluded from considering Diawara's ineffective assistance claim at this stage because he failed to properly exhaust administrative remedies with respect to the claim in his direct appeal to the Board. See 8 U.S.C. § 1252(d) (2000); Ming Ming Wijono v. Gonzales, 439 F.3d 868, 871-72 (8th Cir. 2006); Stewart v. INS, 181 F.3d 587, 596 (4th Cir. 1999). We also lack jurisdiction over Diawara's challenges to the IJ's denial of withholding of deportation and relief under the Convention Against Torture because Diawara failed to properly exhaust these claims in his appeal to the Board. See 8 U.S.C. § 1252(d) (2000); Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004).

Accordingly, we dismiss the petition for review. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DISMISSED</u>