**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1223

BRIDGET L. NDIKUM,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.  (A97-160-383)

Submitted:  November 30, 2006      Decided:  January 22, 2007

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition dismissed in part; denied in part by unpublished per curiam opinion.

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner.  Rod J. Rosenstein, United States Attorney, James A. Frederick, Assistant United States Attorney, Baltimore, Maryland, for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bridget L. Ndikum, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming, without opinion, the immigration judge's denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture. Because the Board affirmed under its streamlined process, see 8 C.F.R. § 1003.1(e)(4) (2006), the immigration judge's decision is the final agency determination. See Camara v. Ashcroft, 378 F.3d 361, 366 (4th Cir. 2004).

Ndikum seeks to challenge the Board's factual finding that she failed to file her asylum application within one year of the date of her arrival in the United States. See 8 U.S.C. § 1158(a)(2)(B) (2000). We lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2000). See Zaidi v. Ashcroft, 377 F.3d 678, 680-81 (7th Cir. 2004) (collecting cases); see also Vasile v. Gonzales, 417 F.3d 766, 768 (7th Cir. 2005) (holding that even after the REAL ID Act of 2005, these "factual determinations continue to fall outside the jurisdiction of the court of appeals entertaining a petition for review"). Given this jurisdictional bar, we cannot review the Board's denial of Ndikum's asylum claim.

We have jurisdiction to consider the denial of withholding of removal and protection under the Convention Against

- 2 -

Torture.  See 8 C.F.R. § 1208.4(a) (2006).  "To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion."  Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)).  Petitioner challenges the immigration judge's determination that her testimony was not credible, and that she otherwise failed to meet her burden of proof for withholding of removal.  Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary.  8 U.S.C. § 1252(b)(4)(B) (2000).  We accord broad, though not unlimited, deference to credibility findings supported by substantial evidence.  Camara, 378 F.3d at 367.  We will uphold the final agency determination if it is not "manifestly contrary to law."  Id.

Based on our review of the record, we conclude that substantial evidence supports the immigration judge's determination, upheld by the Board, that Ndikum failed to present a credible claim for withholding of removal.  Accordingly, the immigration judge correctly concluded Ndikum could not establish her entitlement to withholding of removal.  Similarly, Ndikum failed to meet the standard for relief under the Convention Against Torture.  To obtain such relief, an applicant must show that "it is more likely than not that he or she would be tortured if removed to

the proposed country of removal."  8 C.F.R. § 1208.16(c)(2) (2006).
Ndikum failed to make the requisite showing before the immigration
judge.

Accordingly, we dismiss the petition for review as to
Ndikum's asylum claim, and deny the petition as to the remaining
claims.  We dispense with oral argument because the facts and legal
contentions are adequately presented in the materials before the
court and argument would not aid the decisional process.

PETITION DISMISSED IN PART;
DENIED IN PART
