**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-1593**

———————

GWENDOLINE KIN MANKA,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.  (A97-920-704)

———————

Submitted:  December 29, 2006        Decided:  January 22, 2007

———————

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

Danielle Beach Oswald, NOTO & OSWALD, Washington, D.C., for Petitioner.  Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Kristin K. Edison, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gwendoline Kin Manka, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") adopting and affirming the immigration judge's order denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Manka challenges the immigration judge's findings that her asylum application was untimely and that she did not establish eligibility for withholding of removal or protection under the CAT.

The timeliness of an alien's asylum application is usually a question of fact. See Mehilli v. Gonzales, 433 F.3d 86, 93 (1st Cir. 2005). On May 11, 2005, Congress enacted the Real ID Act, which added a new subsection to the judicial review provisions. This subsection provides that discretionary and factual determinations are outside the jurisdiction of the court of appeals. 8 U.S.C.A. § 1252(a)(2)(D) (West 2005); see also Vasile v. Gonzales, 417 F.3d 766, 768 (7th Cir. 2005). An exception to this provision obtains for constitutional claims or questions of law raised by aliens seeking discretionary relief. Higuit v. Gonzales, 433 F.3d 417, 419 (4th Cir.), cert. denied, 126 S. Ct. 2973 (2006). Despite Manka's contentions that the immigration judge erred as a matter of law, the judge's consideration of evidence at the trial and its subsequent

conclusion are factual in nature. Accordingly, we do not have jurisdiction to review Manka's asylum claim.

Additionally, we uphold the immigration judge's denial of Manka's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because we find Manka would not be able to show that she is eligible for asylum based on the record presented, we find she cannot meet the higher standard for withholding of removal.

We also hold that Manka fails to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or he would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2004). We find that Manka fails to make the requisite showing.

Accordingly, we deny the petition for review for the reasons stated by the Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

- 3 -