UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1337

NENE BELLA BALDE,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A97-644-346)

Submitted: January 31, 2007          Decided: February 16, 2007

Before WILKINSON and WILLIAMS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition dismissed in part; denied in part by unpublished per curiam opinion.

Bokwe G. Mofor, Silver Spring, Maryland, for Petitioner. Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Annette M. Wietecha, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nene Bella Balde, a native and citizen of Guinea, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming the immigration judge's denial of her requests for asylum, withholding of removal, and protection under the Convention Against Torture.

We cannot review the Board's denial of Balde's asylum claim because the immigration judge concluded, and the Board affirmed, that Balde failed to file her asylum application within one year of the date of her arrival in the United States. See 8 U.S.C. § 1158(a)(2)(B) (2000). Accordingly, we lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2000). See Zaidi v. Ashcroft, 377 F.3d 678, 680-81 (7th Cir. 2004) (collecting cases); see also Vasile v. Gonzales, 417 F.3d 766, 768 (7th Cir. 2005) (holding that even in light of the REAL ID Act of 2005, these "factual determinations continue to fall outside the jurisdiction of the court of appeals entertaining a petition for review").

While we lack jurisdiction to consider the Board's ruling on the asylum claim, we retain jurisdiction to consider the denial of withholding of removal.* See 8 C.F.R. § 1208.4(a) (2006). "To

---

*As Balde does not challenge the Board's denial of relief under the Convention Against Torture, any such claim has been abandoned on appeal. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)). Balde challenges the immigration judge's determination that her testimony was not credible, and that she otherwise failed to meet her burden of proof for withholding of removal. Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2000). We accord broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). We will uphold the final agency determination if it is not "manifestly contrary to law." Id. Based on our review of the record, we conclude that substantial evidence supports the Board's determination that Balde failed to present a credible claim for withholding of removal.

We dismiss the petition for review as to Balde's asylum claim and deny the remainder of the petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED IN PART;
DENIED IN PART

- 3 -