**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1681

FASIL ATLE DESTA,

Petitioner,

versus

ALBERTO R. GONZALES,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.  (A97-204-006)

Submitted:  March 14, 2007                    Decided:  May 1, 2007

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Linda A. Dominguez, L A Dominguez Law, LLC, Baltimore, Maryland, for Petitioner.  Rod J. Rosenstein, United States Attorney, Larry D. Adams, Assistant United States Attorney, Baltimore, Maryland, for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fasil Atle Desta, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") adopting and affirming the immigration judge's order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Desta challenges the immigration judge's findings that his asylum application was untimely and that he did not establish eligibility for withholding of removal or protection under CAT. Desta also questions whether the Board erred in adopting and affirming the immigration judge's order without specifying the reasons for its decision.

The timeliness of an alien's asylum application is usually a question of fact. See Mehilli v. Gonzales, 433 F.3d 86, 93 (1st Cir. 2005). On May 11, 2005, Congress enacted the Real ID Act, which added a new subsection to the judicial review provisions. This subsection stated that discretionary and factual determinations are outside the jurisdiction of the court of appeals. 8 U.S.C.A. § 1252(a)(2)(D) (West 2005); see also Vasile v. Gonzales, 417 F.3d 766, 768 (7th Cir. 2005). The exception to this provision is for constitutional claims or questions of law raised by aliens seeking discretionary relief. Higuit v. Gonzales, 433 F.3d 417, 419 (4th Cir.), cert. denied, 126 S. Ct. 2973 (2006). Because Desta has not raised a constitutional or legal claim as to

the immigration judge's decision that his asylum application was untimely, we do not have jurisdiction to review Desta's asylum claim.

Additionally, we uphold the immigration judge's denial of Desta's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because we find Desta would not be able to show that he is eligible for asylum based on the record presented, we find he cannot meet the higher standard for withholding of removal.

We also hold that Desta fails to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or he would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2004). We find that Desta fails to make the requisite showing.

Finally, Desta asserts the BIA erred in adopting and affirming the immigration judge's decision without stating what factual and legal assessments were relied on. We find no indication that Desta did not receive a full and fair review by the Board.

Accordingly, we deny the petition for review for the reasons stated by the Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED