NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 7, 2007
Decided June 27, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-3056

ANNE NZISA KINYUA MUTITU,
        *Petitioner,*

  *v.*

ALBERTO R. GONZALES,
        *Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals

No. A97-102-729

**O R D E R**

Anne Nzisa Kinyua Mutitu, a native and citizen of Kenya, applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT), claiming that she fears persecution and torture if she is returned to Kenya because her husband's family would force her to undergo female genital mutilation ("FGM"), or female circumcision. The immigration judge (IJ) denied her asylum application, finding it untimely, as well as her withholding application and request for relief under the CAT. The Board of Immigration Appeals affirmed the IJ's decision in all respects. Mutitu now petitions for review of this order. Because she has not properly presented any arguments for our review, we deny Mutitu's petition for review.

Mutitu entered the United States on a non-immigrant visa on May 1, 2001. She remained in the United States after the expiration of her visa, however, filing an application for asylum on April 21, 2003. While her asylum application was pending,

the government initiated removal proceedings against Mutitu on May 29, 2003. During the removal proceedings, Mutitu admitted the factual allegations contained in her Notice to Appear and conceded her removability. She requested, however, that the IJ consider her asylum application.

In analyzing Mutitu's claim for asylum, the IJ determined that Mutitu had failed to meet the one-year filing deadline imposed by the INA and was thus ineligible for asylum. *See* INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B). Mutitu maintained that she had filed her application for asylum seven months after the one-year filing date; however, the record showed that she filed her application closer to ten months after the one-year date. After considering the record, the IJ found that Mutitu had failed to establish the existence of changed or extraordinary circumstances that would excuse her failure to file a timely application for asylum. *See* INA § 208(a)(2)(D); 8 U.S.C. § 1158(a)(2)(D). Because Mutitu testified that she had feared FGM before she arrived in the United States, the IJ reasoned that she had waited nearly two years to seek asylum while knowing that her visa would expire and that she would have to return to Kenya. He also found incredible Mutitu's explanation for the delay, that it took her seven months to find an attorney and to obtain evidence.

In an alternative holding, the IJ reached the merits of Mutitu's claim for asylum, finding incredible Mutitu's testimony about her fear of FGM. And even if he had found Mutitu's testimony credible, the IJ further determined that Mutitu's testimonial and documentary evidence taken as true did not establish past persecution or a well-founded fear of future persecution. Thus, the IJ found Mutitu ineligible for asylum. The IJ also denied Mutitu's request for withholding because she had failed to meet the less stringent burden required for asylum. The IJ then denied Mutitu's request for withholding of removal under the CAT but granted her request for voluntary departure. The BIA affirmed the IJ's decision in all respects.

In her petition for review, Mutitu argues that the BIA erred in affirming the IJ's finding that her application for asylum was untimely. We lack jurisdiction to consider this challenge, however, because § 208(a)(3) of the INA strips federal courts of jurisdiction to review the timeliness of asylum applications. *See* INA § 208(a)(3), 8 U.S.C. § 1158(a)(3). *See also Vasile v. Gonzales*, 417 F.3d 766, 769 (7th Cir. 2005) ("[T]his jurisdictional bar, even as qualified by the REAL ID Act [which confers jurisdiction to review constitutional claims or questions of law], prevents us from reviewing the BIA's factual determination."). Only the Attorney General may decide whether an asylum application is timely or whether an exception to the deadline applies. *See* INA § 208(a)(3); 8 U.S.C. § 1158(a)(3); *Ikama-Obambi v. Gonazles*, 470 F.3d 720, 724 (7th Cir. 2006).

Citing to the IJ's musings that a delay of three months "might have been reasonable," Mutitu attempts to recast the IJ's factual determination as a question of

law, which we have jurisdiction to review. *See Ramos v. Gonzales*, 414 F.3d 800, 801-02 (7th Cir. 2005) (noting that the REAL ID Act amended the judicial review provisions of INA § 242(a) to allow judicial review of constitutional claims and questions of law). The IJ did not find as a matter of law that a delay of three months was reasonable while a delay of seven or ten months was unreasonable, however. The IJ, instead, made the factual finding that Mutitu had failed to demonstrate the existence of extraordinary circumstances that would excuse her failure to file a timely application for asylum. Accordingly, we lack jurisdiction to review the merits of Mutitu's claim for asylum. *See Vasile*, 417 F.3d at 768-69 (whether extraordinary circumstances excusing failure to file a timely application for asylum exist is a factual determination that cannot be shoehorned into the question of law category); *Nigussie v. Ashcroft*, 383 F.3d 531, 533-34 (7th Cir. 2004); *Zaidi v. Ashcroft*, 377 F.3d 678, 681 (7th Cir. 2004).

Although the untimeliness of an asylum application does not divest us of our jurisdiction to review a claim for withholding of removal and relief under the CAT, Mutitu has abandoned these requests by failing to raise them in her opening brief. *See Vasile*, 417 F.3d at 767-68*; Mema v. Gonzales*, 474 F.3d 412, 421 (7th Cir. 2007). Mutitu mentions the CAT on page 37 of her brief but does not set forth any argument or standards specific to her claim for relief under the CAT or for withholding of removal. Accordingly, Mutitu has waived these claims. *See id.* (*citing Balliu v. Gonzales*, 467 F.3d 609, 614 (7th Cir. 2006)).

For the foregoing reasons, Mutitu's petition for review is DENIED.