**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-1888**

_____

BERNARD OBI EFFIOM,

Petitioner,

versus

PETER D. KEISLER, Acting Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A97-920-529)

_____

Submitted:  September 7, 2007       Decided:  October 17, 2007

_____

Before WILKINSON, KING, and SHEDD, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Danielle Beach-Oswald, BEACH-OSWALD, Washington, D.C., for
Petitioner. Peter D. Keisler, Assistant Attorney General, Patricia
A. Smith, Senior Litigation Counsel, David Schor, Office of
Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bernard Obi Effiom, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") adopting and affirming the immigration judge's order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Effiom challenges the immigration judge's findings that his asylum application was untimely and that he did not establish eligibility for asylum or withholding of removal.

The timeliness of an alien's asylum application is usually a question of fact. See Mehilli v. Gonzales, 433 F.3d 86, 93 (1st Cir. 2005). On May 11, 2005, Congress enacted the Real ID Act, which added a new subsection to the judicial review provisions. This subsection stated that discretionary and factual determinations are outside the jurisdiction of the court of appeals. 8 U.S.C.A. § 1252(a)(2)(D) (West 2005); see also Vasile v. Gonzales, 417 F.3d 766, 768 (7th Cir. 2005). The exception to this provision is for constitutional claims or questions of law raised by aliens seeking discretionary relief. Higuit v. Gonzales, 433 F.3d 417, 419 (4th Cir.), cert. denied, 126 S. Ct. 2973 (2006). Despite Effiom's contentions, the judge's consideration of evidence at the trial and its subsequent conclusion is factual in nature. Accordingly, we do not have jurisdiction to review Effiom's asylum claim.

- 2 -

Additionally, we uphold the immigration judge's denial of Effiom's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because we find Effiom would not be able to show that he is eligible for asylum based on the record presented, we find he cannot meet the higher standard for withholding of removal.

We also hold that any alleged defects in the removal hearing transcript did not prejudice Effiom's ability to present his appeal.

Accordingly, we deny the petition for review for the reasons stated by the Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

- 3 -