**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 08-2049**

───────────

IBRAHIMA MOUNTAGA,

              Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

───────────

On Petition for Review of an Order of the Board of Immigration
Appeals.

───────────

Submitted:  June 15, 2009              Decided:  August 7, 2009

───────────

Before MICHAEL, SHEDD, and DUNCAN, Circuit Judges.

───────────

Petition dismissed in part and denied in part by unpublished per
curiam opinion.

───────────

Peter T. Ndikum, IMMIGRATION ASSISTANCE CENTER, Silver Spring,
Maryland, for Petitioner.  Michael F. Hertz, Acting Assistant
Attorney General, Michael P. Lindemann, Assistant Director, Lyle
D. Jentzer, Senior Litigation Counsel, Office of Immigration
Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ibrahima Mountaga, a native and citizen of Mali, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.

We cannot review the Board's denial of Mountaga's asylum claim because the immigration judge concluded that Mountaga failed to file his asylum application within one year of the date of his arrival in the United States. See 8 U.S.C. § 1158(a)(2)(B) (2006). Accordingly, we lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3)(2006). See Zaidi v. Ashcroft, 377 F.3d 678, 680-81 (7th Cir. 2004) (collecting cases); see also Vasile v. Gonzales, 417 F.3d 766, 768 (7th Cir. 2005) (holding that even in light of the REAL ID Act of 2005, this "factual determination[] continue[s] to fall outside the jurisdiction of the court of appeals entertaining a petition for review").

Although we lack jurisdiction to consider the Board's ruling on the asylum claim, we retain jurisdiction to consider the denial of withholding of removal. See 8 C.F.R. § 1208.4(a) (2008). "To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a

2

particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)). Mountaga challenges the immigration judge's determination that his testimony was not credible, and that he otherwise failed to meet his burden of proof for withholding of removal. Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). We accord broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). We will uphold the final agency determination if it is not "manifestly contrary to law." Id. Based on our review of the record, we conclude that substantial evidence supports the Board's determination that Mountaga failed to present a credible claim for withholding of removal.

Finally, as Mountaga makes no argument in his opening brief regarding the disposition of his claim for protection under the Convention Against Torture, we conclude that he has waived this issue. See Yousefi v. INS, 260 F.3d 318, 326 (4th Cir. 2001) (failure to challenge denial of relief under the Convention Against Torture in opening brief constitutes abandonment of that issue); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (holding that failure to

raise a specific issue in opening brief constitutes abandonment of that issue under Fed. R. App. P. 28(a)(9)(A), requiring that the argument section of the opening brief contain contentions, reasoning, and authority).

Accordingly, we dismiss the petition for review as to Mountaga's asylum claim and deny the remainder of the petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DISMISSED IN PART</u>
<u>AND DENIED IN PART</u>

4